\*\* E-filed August 22, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BINH QUANG LE,<br><br>            Plaintiff,<br>   v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, DISTRICT DIRECTOR,<br><br>            Defendant.<br>_____/ | No. C11-01871 HRL<br><br>**ORDER GRANTING PLAINTIFF'S PETITION FOR AMENDMENT OF CERTIFICATE OF NATURALIZATION**<br><br>[Re: Docket No. 1] |

**BACKGROUND**

On April 19, 2011, Binh Quang Le ("Le"), who was born in Vietnam and became a naturalized United States citizen in 1991, filed a petition asking this Court to amend his certificate of naturalization. Docket No. 1 ("Petition"). Although his certificate of naturalization lists his date of birth as June 7, 1948, Le says that he was actually born on March 2, 1946 and that the error was an honest mistake that originated, unbeknownst to him, during his stay at a refugee camp in Malaysia prior to his arrival in the United States. Id. at 2-3. His original Vietnamese birth certificate, which he recently obtained from relatives, lists his date of birth as March 2, 1946. Id., Ex. A.

In his quest to correct this error with the relevant state and federal agencies, Le obtained an order from the Santa Clara County Superior Court doing just that at the state level. Id., Ex. B. Thereafter, Le filed a petition with the District Director of the Nebraska Service Center for the

United States Citizenship and Immigration Services department ("USCIS"), but his petition was denied. Id., Ex. D. His appeal to the Administrative Appeals Office likewise failed. Id., Exs. E, F.

Le then filed the instant petition in this Court. USCIS responded that it does not take any position on whether this Court should grant or deny Le's requested relief. Docket No. 12.

## LEGAL STANDARD

A.  Jurisdictional Authority

Two federal regulations govern a petition to amend a certificate of naturalization. Title 8 C.F.R. § 334.16 allows for an amendment of a petition for naturalization. 8 C.F.R. § 334.16(b). It provides in part: "whenever an application is made to the court to amend a petition for naturalization after final action thereon has been taken by the court, a copy of the application shall be served upon the district director having administrative jurisdiction over the territory in which the court is located." Id. If the application is made "to correct a clerical error arising from oversight or omission," the USCIS district director may not object to the petition. Id.

Section 338.5 allows for an amendment of a certificate of naturalization. 8 C.F.R. § 338.5. Under part (e) of that section, "a correction is permitted only when a certificate of naturalization does not conform to the facts shown on the application for naturalization or when a clerical error occurred in preparing the certificate." Id.

Reading these regulations together, courts have ordered amendments to certificates of naturalization upon a finding of an honest mistake made by the petitioner seeking amendment. See, e.g., In re Lee, No. C06-80150 MISC MJJ, 2007 WL 926501 (N.D. Cal. Mar. 26, 2007); Kouanchao v. U.S. Citizenship and Immigration Services, 358 F.Supp.2d 837 (D. Minn. 2005).

Additionally, the Ninth Circuit has held that district courts have jurisdiction to amend pre-1990 naturalization orders because they were ordered by the courts. In re Shrewsbury, 77 F.3d 490, 1996 WL 64988, at *1 (9th Cir. 1996).[1] That decision does not speak to whether a court has jurisdiction to amend certificates of naturalization issued after 1990, but it does not foreclose it, and several other district courts – albeit ones sitting outside of the Ninth Circuit – have done so. See,

---

[1] In so holding, the Circuit panel reversed the district court's conclusion that it lacked jurisdiction under the Immigration and Naturalization Act of 1990 because that act authorizes only the Attorney General to amend naturalization orders. Id.; see 8 U.S.C. § 1451(h).

e.g., Hussain v. United States Citizenship & Immigration Servs., 541 F.Supp.2d 1082 (D. Minn. 2008) (petitioner naturalized in 1995); Nguyen v. United States Department of Homeland Security, No. 1:06-MC-118, 2007 WL 2156649 (N.D.N.Y. Jul. 25, 2007) (petitioner naturalized in 1990); Zhang v. United States Department of Homeland Security, No. 1:06-MC-122, 2007 WL 2156648 (N.D.N.Y. Jul. 25, 2007) (petitioner naturalized in 1990).

B. Burden of Proof

The petitioner bears the burden of showing that the date on his or her certificate of naturalization is incorrect. Kouanchao, 358 F.Supp.2d at 838. Federal regulations governing administrative amendments to certificates of naturalization "are resistant to changing birth dates for any reason other than clerical error on the part of the U.S. officials." Vargai v. INS, Dist. Director, 932 F.Supp. 1245, 1246 (D. Or. 1996).

## DISCUSSION

It has previously been noted that courts denying petitions to amend certificates of naturalization typically had concerns about fraud, while courts granting such petitions were satisfied that the petitioners provided unequivocal evidence as to the true dates of birth and that there was no evidence of fraud or prejudice to the government. In re Lee, 2007 WL 926501, at *2-3 (citing In re Shrewsbury, 77 F.3d 490, 1996 WL 64988, at *1; Duc Minh Ha v. U.S. Citizenship and Immigration Services, 2006 WL 1997360 (D. Minn. 2006); Kouanchao, 358 F.Supp.2d at 838-39; Varghai, 932 F.Supp. at 1246-47). Here, Le has submitted an authenticated and translated copy of his Vietnamese birth certificate which lists his date of birth as March 2, 1946, and his explanation for how the initial error occurred is credible. In addition, the Santa Clara County Superior Court has already issued an order correcting the error, and there is no evidence of fraud or prejudice to the government. See Varghai, 932 F.Supp. at 1246-47 (granting petition to change a date of birth in a certificate of naturalization where petitioner presented evidence of his correct birth date and where there was no opportunity for fraud because his birth date had already been changed by the Social Security Administration and the state motor vehicles division); see also Kouanchao, 358 F.Supp.2d at 838-39; Docket No. 12 (Government does not oppose Le's petition). In these circumstances, this

Court believes that Le has sufficiently shown that an amendment to his Certificate of Naturalization is warranted.

## CONCLUSION

Based on the foregoing, Le's Petition to change his date of birth on his certificate of naturalization from June 7, 1948 to March 2, 1946 is GRANTED. The Court ORDERS the Clerk of this Court to serve the San Francisco District Director of the USCIS at 630 Sansome Street, San Francisco, California, 94111, with a copy of this order to be placed in Le's administrative file pursuant to 8 C.F.R. § 334.16(b).

**IT IS SO ORDERED.**

Dated: August 22, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-01871 HRL Notice will be electronically mailed to:**

Jeffrey Michael Bauer             jeffrey.bauer@usdoj.gov

**Notice will be mailed to:**

Binh Quang Le
2555 Corde Terra Circle
#215
San Jose, CA 95111

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**